**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ROBERT M. MORANO, <br><br> Defendant-Appellant. | No.  19-35556 <br><br> D.C. No. 3:18-cv-00386-HZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted October 8, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Robert M. Morano ("Morano") appeals pro se the imposition of a civil penalty

for his admitted insider trading in violation of Sections 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1

Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Morano's consent judgment resolved all issues of liability, leaving only a determination whether a civil penalty should be imposed and, if so, in what amount. The Securities & Exchange Commission ("SEC") argued for a penalty of three times the amount of insider trading gain.  The district court imposed a penalty of $75,000, or twice the gain.

Reviewing for abuse of discretion, *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1098 (9th Cir. 2010), the determination to impose a civil penalty and calculation of its amount were reasonable given Morano's admitted misuse of insider information and his admission that he had engaged in similar conduct in the past.

**AFFIRMED.**